IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSH HENRICK, et al., ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00621 |
| ) | |
| TRINITY MEALOR, et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE BROWN |
| Defendants/Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ERIN HENRICK, ) | |
| ) | |
| Third Party Defendant. ) | |

**MEMORANDUM**

I. Introduction

Pending before the Court are Plaintiffs'/Counter-Defendants' and Third-Party Defendant's Joint Partial Motion to Dismiss (Doc. No. 54), Defendants'/Counter-Plaintiffs' Response (Doc. No. 69), and Plaintiffs'/Counter-Defendants' Reply (Doc. No. 76). For the reasons set forth herein, the Joint Partial Motion to Dismiss (Doc. No. 54) is **GRANTED,** in part, and **DENIED**, in part. The counterclaim and third-party claims for defamation are dismissed. In all other respects, the Motion is denied.

II. Factual and Procedural Background

The claims in this case arise out of the formation and operations of Tennessee Hemp Supply, LLC. (Doc. No. 88). Plaintiffs Josh Henrick and Jason Chambers contend they are owners of the business, and Defendants Trinity Mealor and Brandon Harris make the same claim. (*Id.*) Plaintiffs assert claims for conversion, breach of fiduciary duty, fraud and

misrepresentation, unjust enrichment, conspiracy, violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*, trademark infringement and violations of the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*, false or fraudulent trademark registrations, unfair competition, breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. As part of their Answer (Doc. No. 49), Defendants Mealor and Harris assert counterclaims for defamation, conversion, intentional interference with business relationships, and trademark infringement. Defendant Mealor has also asserted third-party claims for defamation and malicious prosecution against Third-party Defendant Erin Henrick.[1] (*Id.*) Through the pending Motion, Plaintiffs and Mrs. Henrick seek to dismiss the claims for defamation, intentional interference with business relationships, and malicious prosecution.

III. Analysis

A. The Standards Governing Motions to Dismiss

In considering a motion to dismiss, a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Although not addressed by the parties, Rule 14(a) of the Federal Rules of Civil Procedure limits the ability of a defendant to bring a third-party claim as follows: "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." A third-party pleading, the Sixth Circuit has explained, "is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded . . . a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.,* 512 F.3d 800, 805 (6th Cir. 2008). Defendant Mealor's claims against Mrs. Henrick for defamation and malicious prosecution do not appear to satisfy the requirements of the Rule; however, Mrs. Henrick did not raise that argument in her Motion.

129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. 129 U.S. at 1950; *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

B. <u>Defamation</u>

Counter-defendants and Third-party Defendant (hereinafter "Counter-defendants") argue the defamation claims are barred by the "litigation privilege," and are insufficiently pled under Rule 8 of the Federal Rules of Civil Procedure. Counter-plaintiffs and Third-party Plaintiff (hereinafter "Counter-plaintiffs) argue the defamation claims are sufficiently pled, and the litigation privilege does not apply because "[t]here are not presently facts in the record from which the Court can determine whether the defamatory statements were made inside or in anticipation of this litigation." (Doc. No. 69, at 3).

In order to establish a claim for defamation under Tennessee law, a plaintiff must show: (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Brown v. Christian Bros. Univ.,* 428 S.W.3d 38, 50, (Tenn. Ct. App. 2013). Tennessee courts have recognized a "litigation privilege" that bars defamation claims for "statements made in the course of judicial proceedings which are relevant and pertinent to the issues." *Jones v. Trice,* 210 Tenn. 535, 360 S.W.2d 48, 50 (1962); *see also Issa v. Benson,* 420 S.W.3d 23, 28 (Tenn. Ct. App. 2013). The policy underlying the privilege recognizes that "access to the judicial process, freedom to institute an action, or defend, or participate therein without fear of the burden of being sued for defamation is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of an individual to a legal remedy where he [or she] has been wronged thereby." *Jones,* 360 S.W.2d at

51. Tennessee courts have expressly extended this absolute privilege to "communications preliminary to proposed or pending litigation." *Myers v. Pickering Firm, Inc.,* 959 S.W.2d 152, 159 (Tenn. Ct. App. 1997); *see also Issa,* 410 S.W.3d at 28.

The statements underlying the defamation counterclaim in this case are as follows: (1) "stating to others on social media and otherwise outside of any judicial proceeding that counter-plaintiffs have stolen money and property from them and do not in fact own the business that they created and own;" (2) issuing "a press release to (among others) WGNS News Radio stating that counter-defendants were the owners of Tennessee Hemp Supply, LLC and that counter-plaintiffs falsely claimed to be the owners;" (3) stating "on social media that counter-plaintiffs 'siphon[ed] all the monies off to a private account;'" (4) posting "on social media that counter-plaintiffs stole from them, that counter-plaintiffs were an 'embezzling fraud,' 'embezzled more than 100k' from them, called counter-plaintiffs 'con artist and thief' and asked people to not do business with them;" and (5) posting "[o]n social media . . [stating that] counter-plaintiffs called customers 'sheeple' and 'unfairly and disgustingly raised prices." (Doc. No. 49, at 3-4).

In their original Complaint, filed in state court on June 27, 2018, Counter-Defendants alleged Counter-Plaintiffs took over the business, bank accounts, and other assets that were, in fact, owned by Counter-Plaintiffs. (Doc. No. 2-3, at ¶¶ 9-30). A review of the pleadings reveals that the first four statements underlying the defamation counterclaim formed the core of the allegations made in this case. All of the allegedly defamatory statements were directly relevant and pertinent to the issues raised.[2]

---

[2] The parties filed copies of the social media posts referred to in the defamation counterclaim as exhibits by the parties as part of the briefing on Plaintiffs' motion for temporary restraining order. (Doc. Nos. 1-3; 11-14).

In addition, despite Counter-Plaintiffs' argument to the contrary, it is apparent the statements were made preliminary to proposed litigation. Based on the parties' pleadings, it is undisputed that the business relationship at issue here came to an abrupt end on June 24, 2018, when Counter-Defendant Henrick attempted to fire Counter-Plaintiffs. (Doc. No. 2-3 ¶¶ 16-18; Doc. No. 20 ¶ 7). Counter-Defendants instituted this litigation three days later. (*Id.*) Thus, the allegedly defamatory statements were made in the three-day period between the end of the business relationship and the beginning of litigation. Having determined that the allegedly defamatory statements were made preliminary to proposed litigation and were relevant to the litigation, the Court concludes the litigation privilege applies to bar the defamation counterclaim.

The statements alleged to be defamatory in the Third-Party Complaint are that "third-party plaintiff [Trinity Mealor] has stalked [Erin Henrick] and burglarized and stole her property." (Doc. No. 49, at 7). As discussed above, the claims in this litigation include allegations of theft and embezzlement of physical assets and bank accounts. Thus, Mrs. Henrick's[3] allegedly defamatory statement that Mr. Mealor burglarized and stole her property is covered by the litigation privilege for the reasons described above – the statements are relevant and pertinent to this litigation and must have been made either after this suit was filed or within three days before it was filed.

As for the statement that Mr. Mealor stalked Mrs. Henrick, the Court notes that, in an earlier paragraph of the Third-Party Complaint, Mr. Mealor alleges Mrs. Henrick filed a petition for an order of protection against him swearing that he "stalked her and her children." (*Id.*) Thus, Mr. Mealor's own pleading establishes the litigation privilege applies to that statement because it

---

[3] The Third-Party Complaint does not identify Mrs. Henrick as the spouse of Plaintiff Josh Henrick, although other filings refer to that relationship. In any event, Mr. Mealor does not suggest Mrs. Henrick is unaffected by the alleged theft of Mr. Henrick's property.

was made *as part of* a state judicial proceeding seeking an order of protection, and was relevant to that proceeding.

Having determined the litigation privilege applies to the defamatory statements alleged in the counterclaim and third-party claim, the Court concludes those claims should be dismissed.

C. Intentional Interference with Business Relationships

Counter-Defendants also seek dismissal of the counterclaim for intentional interference with business relationships on the ground that the claim has not been sufficiently pled. Counter-Plaintiffs argue the claim is sufficient to meet applicable pleading standards.

In order to establish the tort of intentional interference with business relationships under Tennessee law, a plaintiff must prove the following: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from the tortious interference. *Trau-Med of America, Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 701 (Tenn. 2002).

Counter-Plaintiffs allege Counter-Defendants are liable for this tort as follows:

15. Counter-plaintiffs incorporate herein the averments of paragraphs 1 through 14 above.

16. Counter-plaintiffs had business relationships and/or the expectancy of business relationships of which counter-defendants were aware. Counter-plaintiffs operated a business open to the public and had a strong business relationship with it [sic] then-present and expectant customers.

17. Counter-defendants intentionally interfered with counter-plaintiffs' business relationships and expected business relationships through the use of false and defamatory statements on social media and otherwise. Specifically, but not exclusively, counterdefendants issued a press release to (among others) WGNS

> News Radio stating that counterdefendants were the owners of Tennessee Hemp Supply, LLC and that counter-plaintiffs falsely claimed to be the owners. Counter-defendants also stated on social media that counter-plaintiffs 'siphon[ed] all the monies off to a private account.' Counter-defendants also posted on social media that counter-plaintiffs stole from them, that counter-plaintiffs were an 'embezzling fraud,' 'embezzled more than 100k' from them, called counter-plaintiffs 'con artist and thief' and asked people to not do business with them. On social media, counter-defendants posted that counter-plaintiffs called customers 'sheeple' and 'unfairly and disgustingly raised prices.'
>
> 18. Counter-defendants' actions have caused counter-plaintiffs to suffer damage.

(Doc. No. 49, at 5).

Counter-Defendants argue the first element of the claim has been inadequately pled because it does not identify "specific third parties" or an "identifiable class of third persons" with whom Counter-Plaintiffs allegedly had a business relationship. Tennessee courts have found this tort applicable, however, to the *prospective customers* of a plaintiff's direct competitor without requiring those prospective customers to be specifically named. *See, e.g., Watson's Carpet and Floor Coverings, Inc. v. McCormick,* 247 S.W. 3d 169, 176 (Tenn. Ct. App. 2007) (explaining that the business relationships protected by this tort include prospective business relationships); *Assist-2-Sell, Inc. v. Assist-2-Build, LLC*, 2005 WL 3333276, at *7 (E.D. Tenn. Dec. 6, 2005) ("It is telling that a plaintiff in Tennessee needs to identify 'specific third parties' for an *existing* business relationship but only a 'class of third persons' for *prospective* business relationships . . . This difference suggests Tennessee does not require a plaintiff to identify specific individuals when making a tortious interference with prospective business relations claim."); *PPG Industries, Inc. v. Payne,* 2012 WL 1836314, at *4 (E.D. Tenn. May 21, 2012) (recognizing that Tennessee does not require a plaintiff to identify specific individuals when making a tortious interference with prospective business relations claim). Counter-Defendants have not addressed

this case law, nor have they explained why it is inapplicable here. Thus, the Court declines the request to dismiss the claim for failure to adequately plead the first element.

Counter-Defendants also argue, in a general way, that the other elements of the claim have not been pled specifically enough for purposes of Rule 8, which requires "a short and plain statement of the claim" and "a demand for the relief sought." The Court disagrees. Counter-Plaintiffs have pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It remains to be seen whether Counter-Plaintiffs can prove their allegations, but at this stage of the proceeding, the Court must, under Rule 12, accept them as true.

C. Malicious Prosecution

Third-Party Defendant, Mrs. Henrick, contends the malicious prosecution claim brought against her by Third-Party Plaintiff, Mr. Mealor, should also be dismissed. Mr. Mealor argues the claim has been sufficiently pled.

In order to establish the tort of malicious prosecution in Tennessee, a plaintiff must prove the following: (1) a prior suit or judicial proceeding was instituted without probable cause; (2) defendant brought such prior action with malice; and (3) the prior action was finally terminated in plaintiff's favor. *Roberts v. Fed. Exp. Corp.,* 842 S.W.2d 246, 247-48 (Tenn. 1992).

In this case, Mr. Mealor has pled Mrs. Henrick is liable for this tort as follows:

3. On July 6, 2018, Henrick filed a Petition for Order of Protection against third party plaintiff swearing that third-party plaintiff had stalked her and her children. Third-party defendant filed the Petition in bad faith, without any factual basis and with malice. The Petition was dismissed in favor of third-party plaintiff.

4. Third-party defendant also has defamed third-party plaintiff and made derogatory, false statement to others about third-party plaintiff, including stating to others that third-party plaintiff has stalked her and burglarized and stole her property.

* * *

    10. Third-party plaintiff incorporates herein the averments of paragraphs 1 through 9 above.

    11. Third-party defendant started and continued civil proceedings (Petition for Order of Protection) against third-party plaintiff.

    12. Third-party defendant acted with malice.

    13. Third-party defendant acted without probable cause in starting and continuing civil proceedings against third-party plaintiff.

    14. The civil proceedings against third-party plaintiff ended in third-party plaintiff's favor.

    15. Third-party defendant's actions caused damage to third-party plaintiff.

(Doc. No. 49, at 7, 8).

    Mrs. Henrick argues Mr. Mealor cannot establish malice as a matter of law, and urges the Court to take judicial notice of the statements made by the state court judge in denying her request for an order of protection. Matters outside the pleadings are not to be considered in ruling on a motion to dismiss, however, unless they are referred to and are integral to the complaint, are a matter of public record, or are otherwise appropriate for the taking of judicial notice. *See, e.g., Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005); *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.,* 907 F.3d 948 953 (6th Cir. 2018). Mrs. Henrick suggests the Court take judicial notice of the state judge's decision, but has not addressed the requirements for taking judicial notice, nor has she otherwise established that it is appropriate for the Court to consider the state court judge's statements in ruling on a motion to dismiss.[4]

---

[4] Although Mrs. Henrick purportedly states the basis for the Rutherford County court's ruling in her brief (". . . the [Rutherford County] court ruled that under its interpretation of T.C.A. § 36-3-601(5)(B), Mrs. Henrick and Mr. Mealor did not 'live together' (contrary to the undisputed testimony of Mrs. Henrick and the plain language of the statute) as required under the statute"), she does not support the statement with any citation to the record in this case or otherwise. (Doc.

As for Mrs. Henrick's argument that the malicious prosecution allegations are inadequate for purposes of Rule 8, the Court is unpersuaded. The allegations contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the motion to dismiss the malicious prosecution claim is denied.

IV. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. No. 28) is granted, in part, and denied, in part. The counterclaim and third-party claims for defamation are dismissed. In all other respects, the Motion is denied.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

No. 55, at 16). Consequently, even if the Court were inclined to take judicial notice of the judge's statements, Mrs. Henrick has provided no information as to how the Court is to access them.